IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DWAYNE K. TARPLEY, ) | |
| ) | Case No. 4:07CV00030 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C. L. EIKOST, P. K. STANLEY, et al. ) | |
| ) | By: Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Before me now is the Motion to Dismiss Defendants M. Lee Stillwell and Phillip K. Stanley under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated herein, the Defendant's Motion to Dismiss is **GRANTED**.

**I.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

On August 4, 2006, Danville Police Officer C.L. Eikhost ("Eikhost") conducted a traffic stop of the Plaintiff, Dwayne K. Tarpley ("Tarpley"). Defendant Eikhost reported in his Criminal Complaint that he suspected the Plaintiff had been drinking. During the stop, the officer saw a pistol in the Plaintiff's car. Defendant Eikhost conducted a criminal background check of the Defendant which led to the mistaken belief that Tarpley had been convicted of two felonies. In reality, Tarpley has no felony record, but he was charged with possession of a firearm by a felon due to the mistaken belief. On September 29, 2006, Tarpley plead guilty to driving while intoxicated and the charge of possessing a firearm after being convicted of a felony was dropped.

On July 24, 2007, Tarpley brought suit against Officer Eikost, state court Magistrate

1

Phillip K. Stanley, General District Court Judge M. Lee Stilwell, Assistant Commonwealth's Attorney Robert L. Adams, Jr., and Police Officer Slover alleging assorted violations of the United States Constitution and federal statutes including Article 1, sections 9 and 10 of the United States Constitution, amendments II, IV, V and VIII to the Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; 42 U.S.C. §1983; and 15 U.S.C. §1116. Defendants Stilwell and Stanley filed this motion to dismiss on August 17, 2007 and the Plaintiff responded on August 22, 2007.

## II.   LEGAL STANDARD

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (internal quotation omitted). When "considering a motion to dismiss, the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkar*, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." *Id.* In ruling on a motion to dismiss, a court may also consider matters on the public record and take judicial notice of pleadings filed among its own records. *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986). The pleadings filed by *pro se* litigants are entitled to more liberal construction. *Gordon v. Leeke*, 574

2

F.2d 1147, 1151 (4th Cir. 1978).

## III. DISCUSSION

Both Judge Stillwell and Magistrate Stanley are judicial officers. They presided over the criminal proceedings involved in Tarpley's case. Tarpley has not alleged any extra-judicial actions by the Defendants. I find that Judge Stillwell's and Magistrate Stanley's actions were well within their judicial capacity, and as such, these two defendants are immune from liability. *Stump v. Sparkman*, 435 U.S. 349, 359-360 (1978). Accordingly, I will **GRANT** their motion to dismiss the Complaint against them.

The Plaintiff argues that Judge Stilwell and Magistrate Stanley should not be protected by judicial immunity because they have "engaged in insurrection or rebellion" against the United States in violation of Section 3 of the Fourteenth Amendment to the Constitution. Presiding over criminal proceedings was the duty of their office, not an act of rebellion or insurrection. Even if they performed their duties poorly, and I see no evidence that they have, "a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). The only exception to this immunity would be where the judicial officials have no subject matter jurisdiction, and Tarpley admits that there is subject matter jurisdiction here.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be **GRANTED**.

3

Case 4:07-cv-00030-JLK-mfu   Document 12   Filed 08/24/07   Page 3 of 4   Pageid#: 46

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 24th day of August, 2007.

                                                     s/Jackson L. Kiser
                                                   Senior United States District Judge

4

Case 4:07-cv-00030-JLK-mfu   Document 12   Filed 08/24/07   Page 4 of 4   Pageid#: 47