IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DWAYNE K. TARPLEY, ) | |
| ) | Case No. 4:07CV00030 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C.L. EIKOST, et al. ) | |
| ) | By: Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |
| ) | |

Before me are (1) the Motion to Dismiss of Defendant Robert Adams (Adams); (2) the Motion to Dismiss of Defendants C.L. Eikost (Eikost) and Nicole Slover (Slover); (3) Plaintiff Tarpley's (Plaintiff) Motion to Strike; and (4) Plaintiff's Motion for Default Judgment. For the reasons stated herein, the Motions to Dismiss will be **GRANTED** and the Plaintiff's Motions will be **DENIED**.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

These facts are compiled from the Plaintiff's complaint and other clarifying documents in the record. On August 4, 2006, Plaintiff was pulled over after he was observed to be swerving by Officer Eikost. Eikost saw a handgun in Plaintiff's car. Eikost then ran a preliminary background check on Plaintiff, which indicated that Plaintiff had prior felony convictions. Plaintiff was arrested and his firearm was confiscated.

Plaintiff pled guilty to driving while intoxicated, but the weapons charge was dropped because the background check was misleading and Plaintiff did not in fact have any prior felony

1

convictions. Plaintiff went to see Officer Slover twice because she worked in the evidence room where his gun was held. She refused on both occasions to return his pistol.

The Plaintiff filed his complaint on July 24, 2007. The original complaint also listed two judicial officers, Stanley and Stilwell, as Defendants. I dismissed the claims against those two officers on August 24, 2007 on absolute immunity grounds. On August 29, 2007 Officers Eikost and Slover filed their motion to dismiss. Plaintiff filed a response on September 7, 2007, to which Eikost and Slover replied on September 12, 2007. Defendant Adams filed a motion to dismiss on September 12, 2007. Plaintiff filed a Motion for Default Judgment on September 13, 2007, against Officer Slover. Lastly, Plaintiff filed a Motion to Strike Slover's response to his Motion for Default Judgment. I heard oral arguments for these motions on October 2, 2007.

## II. STANDARD OF REVIEW

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief.@ *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (internal quotation omitted). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkar*, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

The Court recognizes Mr. Tarpley's contributions to this country as demonstrated by his service record. I also recognize that Mr. Tarpley feels wronged by the mistakes made by the police. However, as explained below, not every police mistake leads to monetary awards.

<u>Defendant Robert L. Adams, Jr.</u>: Mr. Adams is an Assistant Commonwealth's Attorney. In that role he prosecuted Plaintiff in the case in which the weapons charges were dropped and Plaintiff pled guilty to driving while intoxicated. Plaintiff's claims against Mr. Adams seem to be under the Fifth Amendment for violation of double jeopardy. (Compl. ¶ 1.) Plaintiff was only charged once for this offense. There is no basis for this claim.

Further, even if there were some claim, all of Mr. Adams's actions were undertaken in his prosecutorial capacity. Prosecutors are entitled to invoke quasi-judicial absolute immunity from § 1983 damages for their actions in presenting a case in court. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore, Mr. Adams's Motion to Dismiss will be GRANTED.

<u>Defendant C.L. Eikost</u>: Defendant Eikost was the arresting officer and responsible for running the faulty background check of Plaintiff. Plaintiff asserts that in this action, Mr. Eikost violated Plaintiff's constitutional rights under 1) Article I, Section 9's prohibition on bills of attainder (Compl. ¶ 1.); and 2) the Second Amendment's protection of the right to bear arms. (Compl. ¶ 1.)

The prohibition against bills of attainder has nothing to do with this case. Bills of attainder are necessarily legislative enactments. 16A C.J.S. *Constitutional Law* § 607 (2007). Mr. Eikost is a police officer, not a legislator. Further, Mr. Eikost did not declare Plaintiff guilty of anything; he simply arrested him after finding probable cause. Clearly there is no legitimate

3

claim here.

Second, with regards to the Second Amendment claim, *Love v. Pepersack*, 47 F.3d 120 (4th Cir. 1995), is illuminating. In that case, the police denied the Plaintiff's application for a gun permit because of a computer check that did not reveal the disposition of the Plaintiff's arrests. *Id.* at 121. She had been convicted of only one misdemeanor. *Id.* In upholding the district court's dismissal of Plaintiff's § 1983 claims, the Fourth Circuit relied on two factors: 1) that the Second Amendment does not apply to the states; and 2) that getting the gun was in no way related to the preservation or efficiency of a well-regulated militia. *Id.* at 123–24.

The present case is very similar. The Second Amendment does not confer onto Plaintiff an individual right to avoid the constitutional regulations of the State of Virginia. *Id.* Certainly a permanent deprivation of an item in which Plaintiff has a property interest could raise constitutional flags. However, Eikost has not violated Plaintiff's Second Amendment rights by confiscating Plaintiff's gun upon a good-faith (though faulty) background check. Further, even if a violation did exist, Eikost would be protected because such mistake was not unreasonable, *Graham v. Connor*, 490 U.S. 386, 396 (1989), and because qualified immunity would apply since there is no clearly established law prohibiting his actions. *Scott v. Harris*, 127 S.Ct. 1769, 1774 (2007). Therefore, the Motion to Dismiss the claims against Eikost will be GRANTED.

<u>Defendant Slover</u>: Officer Slover works in the evidence room where Plaintiff's gun is being held. Plaintiff asked Slover for return of his gun twice and was refused both times based on Slover's incorrect understanding of Plaintiff's record. (Compl. 2.) Therefore, Plaintiff asserts a claim for violation of the Fourth Amendment's prohibition against unreasonable seizures. (Compl. 2.)

4

Initially, it is important to note that this claim has a procedural barrier. Plaintiff served the summons on officer Slover himself. Officer Slover asserts a defense under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process. Federal Rule of Civil Procedure 4(c)(2) provides that service can be effected by any person who is not a party. Clearly, service by Plaintiff is improper and the claims against officer Slover will be dismissed for insufficient service of process.

Substantively, the Fourth Amendment prohibits unreasonable seizures. Slover's role in managing the evidence room was not part of the seizure of Plaintiff's firearm. The seizure itself happened at the point of arrest, and simply operating the evidence room was not part of the same prohibited activity. The Fourth Amendment is no longer based on property rights so much as it is founded on the protection of privacy. *See Warden v. Hayden*, 387 U.S. 294, 304 (1967).

Answering this question is unnecessary, however, because the actual seizure was reasonable. The information available upon good-faith investigation to Eikost, the arresting officer, was that Plaintiff had prior felonies on his record. Hence, the seizure of the gun, which would have been illegally possessed by Plaintiff if those felony convictions were accurate, was not unreasonable.

Lastly, Officer Slover is shielded from liability by qualified immunity. Government officers performing discretionary functions are entitled to qualified immunity when their actions are objectively reasonable under the circumstances. *See Graham*, 490 U.S. at 396. Here, officer Slover refused to return the firearm to Plaintiff, whom she reasonably believed had a record of prior felony convictions. Further, there is certainly no established law that holds that an individual shall be entitled to return of a firearm in such a situation without a court order. *See*

*Scott*, 127 S.Ct. at 1774. Therefore, because there was insufficiency of process, no Fourth Amendment violation, and Slover is protected by qualified immunity, her Motion to Dismiss will be GRANTED.

In examining Plaintiff's case, it seems that a logical claim would have been for deprivation of property under the Fourteenth Amendment. However, Plaintiff never mentioned the Fourteenth Amendment with respect to the officers. Plaintiff is *pro se*. As such, his allegations should be construed very liberally, and so I touch upon this issue briefly here.

A fundamental tenet of Due Process jurisprudence is that "the state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, an "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Id.*

The Defendants cite two sections of the Virginia code which they claim give Plaintiff potential remedies: §§ 19.2-58 and 19.2-60. Section 19.2-58 states "if any such warrant be executed by the seizure of property ... any such property seized under such warrant which is not used in evidence ... shall be restored to its owner." VA. CODE ANN. § 19.2-58 (2004). It is not clear that this Section is applicable, since the firearm was seized with probable cause but no warrant. Further, nothing in this Section requires the Plaintiff to file a motion to recover such property – it simply requires the government to return it. By contrast, Section 19.2-60 states that "a person aggrieved by an allegedly unlawful search or seizure may move the court to return any seized property." VA. CODE ANN. § 19.2-60 (2004). The seizure, though improper, was not

6

unlawful because it was reasonable. It is not clear, therefore, that either of these provisions applies to the situation at hand. However, under Virginia common law, action for detinue lies when a party unlawfully withholds personal property. *Macpherson v. Green*, 197 Va. 27, 32 (1955). Hence, Plaintiff should seek to have a state court issue an order for return of his firearm.

<u>Plaintiff's Motion for Default Judgment and Motion to Strike</u>: Plaintiff served Officer Slover on July 31, 2007. Officer Slover filed her response on August 29, 2007. On September 13, 2007, Plaintiff motioned for default judgment stating that her response was due on August 20, 2007. This argument has two flaws. First, as discussed above, Plaintiff improperly served officer Slover. Officer Slover can not be held to have failed to respond to a complaint which suffers from insufficiency of process. Second, Rule 55 only allows Plaintiff to recover if he filed his motion before Slover responded. FED. R. CIV. P. 55(a). Here, Plaintiff filed his motion two weeks after Slover responded.

These flaws were pointed out in Slover's response. Plaintiff moved to strike this response because the "statements are false, misleading, redundant, immaterial, impertinent or irrelevant, and scandalous matter." There is no basis for any of these conclusions.

Therefore, the Motion for Default Judgment and the Motion to Strike will be DENIED.

## IV. CONCLUSION

For the reasons stated herein, the Motions to Dismiss will be **GRANTED** and the Plaintiff's motions will be **DENIED**.

Entered this 10th day of October, 2007.

s/Jackson L. Kiser<br>
Senior United States District Judge